IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY PACEWICZ,** | : | Civil No. 1:12-CV-706 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **CAPTAIN JAMES PUGH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

On April 16, 2012, the Plaintiff, Corey Pacewicz, acting *pro se*, filed this federal civil rights action. (Doc. 1) Pacewicz's initial *pro se* complaint was a spare document, but one which sought far-ranging relief.  In his complaint, the Plaintiff alleged that he is being prosecuted by state authorities for escape as a result of what he described as "devations [sic] on work-release." (Id.)  According to Pacewicz, on March 29, 2012, he received discovery in this pending state criminal case which led him to conclude that the prison misconduct report prepared in this case "was forged or eaither [sic] the 3 listed defendants to where escape was added along with more..." (Id.)  On the basis of these terse representations, Pacewicz invited this Court to intervene in this pending state criminal case and:  (1) file criminal charges against the

defendants, a district attorney, assistant district attorney, and prison captain; (2) dismiss the pending state criminal case lodged against the plaintiff; and (3) order a federal or state detective to visit the plaintiff and review his case. (Id.)

As part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we reviewed this complaint, and concluded that, in its current form, the complaint failed to state a claim upon which relief can be granted. Accordingly, we recommended that the complaint be dismissed without prejudice to the Plaintiff endeavoring to file an amended complaint.

Pacewicz has now filed an amended complaint. (Doc. 7) That amended complaint repeats that he is currently being prosecuted by state authorities for escape, and reasserts his claim that his prison misconduct report which documents his alleged escape contains false information. (Id.) On the basis of this assertion, Pacewicz now seeks damages from the Defendants, a district attorney, assistant district attorney, and prison captain.

For the reasons set forth below, we conclude that this claim also fails, and recommend that Pacewicz's amended complaint also be dismissed.

**II.     Discussion**

    **A.     Screening of *Pro Se* Complaints–Standard of Review**

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

5

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the

6

pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

### B. The Plaintiff's Amended Complaint Fails

Judged against these benchmarks, the Plaintiff's amended complaint fails for at least three reasons.

First, the complaint springs from a legally flawed premise. The gist of Pacewicz's complaint is that a prison misconduct report which documents his alleged escape contains false statements. This bare assertion, however, does not support of federal civil rights claim. Indeed, it is well-settled that a claim that a misconduct report was false, standing alone, does not state a valid civil rights cause of action. As the United States Court of Appeals for the Third Circuit has aptly observed: "[F]iling false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided. See e.g., Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986) (the filing of false charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th

7

Cir.1984)." Richardson v. Sherrer, 344 F. App'x 755, 757-758 (3d Cir. 2007). See also Booth v. Pence, 141 F. App'x 66 (3d Cir. 2005); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002).

Here, while Pacewicz alleges that his escape misconduct report was false he has not, and cannot, assert that he has had no due process opportunity to challenge the accuracy of this report. Indeed, the pending state case provides him with the very due process opportunity he seeks to rebut thus escape charge. Moreover, it seems that the truth or falsity of this claim that Pacewicz escaped should be readily ascertainable in the state proceedings, thus fully protecting Pacewicz's right to due process. Since Pacewicz's amended complaint reveals that this opportunity is being afforded to him in the state criminal case, his bald claim that the misconduct report is incorrect–by itself– does not state a due process violation.

Moreover, Pacewicz's complaint fails as to the state prosecutors named in that complaint. While the nature of his claim against these prosecutors is difficult to discern, it appears that the Plaintiff is suing the prosecutors for the very act of prosecuting him.

This he may not do. It is well-settled that a criminal defendant may not sue prosecutors for their act of filing charges against him since such conduct is cloaked in immunity from civil liability. The immunity conferred upon prosecutors for the quasi-judicial act of filing and bringing criminal charges is broad and sweeping:

8

> [T]he Supreme Court [has] held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. This immunity extends to acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." Court has noted numerous public policy considerations underlying its extension of absolute immunity to prosecutors: [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate"; lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law; prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity; and potential liability "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." ... [T]here are other checks on prosecutorial misconduct, including the criminal law and professional discipline.

Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006)(citations omitted).

Here, we find that Pacewicz's amended complaint seeks to hold prosecutors personally liable for their act of prosecuting him. Since these officials are immune from personal, individual liability for their actions in bringing this criminal case against an alleged escapee, Pacewicz's claims against these Defendants should also be dismissed.

Finally to the extent that the Plaintiff has requested an injunction enjoining the state courts from proceeding forward with pending criminal cases lodged against him, this *pro se* pleading continues to run afoul of a settled tenet of federal law, the Younger abstention doctrine.

The Younger abstention doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

10

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002). Indeed, it has been said that a civil rights action, like that filed by Pacewicz, "seeking to enjoin his criminal prosecution presents the classic case for Younger abstention, [and a situation in which] dismissal of [the] complaint on that basis was clearly appropriate." Duran v. Weeks, 399 F. App'x 756, 758-59 (3d Cir. 2010).

In this case, the Plaintiff's amended *pro se* complaint reveals that all of the legal prerequisites for Younger abstention are present here. First, it is evident that there are on-going state criminal proceedings in this case. Second, it is also apparent that those proceedings afford Pacewicz a full and fair opportunity to litigate the issues raised in this lawsuit in his pending state cases. Finally, it is clear that the state proceedings implicate important state interests, since these matters involve state criminal law enforcement, an issue of paramount importance to the state. See, e.g.,

Duran v. Weeks, 399 F. App'x 756, 758-59 (3d Cir. 2010); Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interest in enforcement of its criminal laws, and recognizing that the state courts are prepared to fully address the merits of these matters, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. Duran v. Weeks, 399 F. App'x 756, 758-59 (3d Cir. 2010); Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Furthermore, to the extent that Pacewicz comes to this Court asking us to file criminal charges against others, he misconstrues the role of the Court. This Court presides over criminal cases, but does not have the unilateral power to initiate criminal prosecutions. Rather, decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that this exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review." Wayte v. United

12

States, 470 U.S. 598, 607 (1985). Therefore, we may not commence a criminal prosecution at the Plaintiff's request, and this request should be denied.

In closing, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the Court previously provided the Plaintiff with an opportunity to amend these pleadings, but to no avail. This amended complaint still fails to state a viable civil rights cause of action, and actually repeat assertions that were previously found to be legally insufficient. Since the Plaintiff has been afforded ample opportunity to correct the deficiencies identified in his prior complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that this amended complaint be dismissed without further leave to amend.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint should be dismissed with prejudice.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of May 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge